# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1884.

WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY
v.
JULIA LAVIEUX.

1. CONSTRUCTION OF STATUTE—ATTORNEY'S FEE.—Under section 48, chapter 114, of the statute, the attorney's fee may be recovered in the suit for damages for the stock killed, and the fee in such cases is not special legislation and is not in violation of the statute.

2. WHEN ALLOWABLE.—The attorney's fee is allowable only where the railroad company has failed to comply with the requirements of the statute, and such failure must appear from evidence in the record.

APPEAL from the Circuit Court of Lawrence county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed April 18, 1884.

Mr. SAMUEL P. WHEELER, for appellant.

Messrs. HUFFMAN & GEE, for appellee.

CASEY, J. In this case, it is insisted by counsel for appellant that the attorney's fees are not due until suit has been commenced, and can not be recovered in the same suit for damages, but that they constitute an independent cause of action, to be recovered in a separate suit; and it is further insisted by appellant's counsel that the statute allowing attorneys'

(469)

fees in such cases is special legislation, and therefore in viola-
tion of the constitution. These points are both settled in the
case of the P., D. & E. R. R. Co. v. Duggan, lately decided
by the Supreme Court and published in "The Legal Adviser"
of April 9, 1884, in which case it is held that the attorney's
fee may be recovered in the suit for damages for stock killed,
and that the attorney's fee in such cases is not special legis-
lation, and not in violation of the constitution. In that case
the court says, "This provision (referring to the statute allow-
ing the fees) may be upheld as being in the nature of a
penalty for non-compliance with the statutory duty of fenc-
ing. The requirement of the fencing of railroad tracks is not
alone for the private benefit of owners of stock along their
lines, but it has respect for the public welfare as well as a
measure for the safety of travel on said railroads. As a
police regulation for the promotion of the public safety in
that respect, the legislature may well require the fencing of
their railroad tracks by railway companies, and provide pen-
alties for securing the performance of that duty."

One of the assignments of error questions the right or
power of the court to enter a judgment for a greater sum than
that indorsed on the summons issued by the justice of the peace.

As the cause must be reversed and a new trial awarded, we
express no opinion on that point, but suggest that counsel for
appellee may, upon motion, be allowed to amend the indorse-
ment on the summons by increasing the amount claimed.

This suit was instituted against appellant to recover dam-
ages caused by appellant in killing stock belonging to appel-
lee. The judgment in the circuit court was for fifty-one
dollars and costs. The record shows that fifteen dollars of the
judgment was because of attorney's fees incurred by appellee
in prosecuting his cause before the justice of the peace and in
the circuit court. Attorneys' fees in such cases can only be
recovered by virtue of the requirements of the statute.

Section 48, Chapter 114, Cothran's Statute of 1881, pro-
vides "that any railroad corporation shall, within six months
after any part of its line is opened for use, erect and thereafter
maintain on both sides of its road or so much thereof as is

W., St. L. & P. Ry. Co. v. Lavieux.

opened for use, suitable and sufficient fences to prevent cattle, horses, sheep, hogs or other stock from getting on such railroad, except at the crossing of public roads and highways and within such portions of cities and incorporated towns and villages as are or hereafter may be laid out and platted into lots and blocks, * * * * and shall construct, when the same has not already been done, and thereafter maintain at all road crossings, now existing or hereafter established, cattle-guards suitable and sufficient to prevent cattle, horses, sheep, hogs and other stock from getting on such railroad, and when such fences or cattle-guards are not constructed as aforesaid, or when such fences and cattle-guards are not kept in good repair, such railroad corporation shall be liable for all damages which may be done by the agents, engines or cars of such corporation to such cattle, horses, sheep, hogs or other stock thereon and reasonable attorney's fees in any court wherein suit is brought for such damages, or to which the same may be appealed, etc."

There is no evidence in the record showing or tending to show that appellant's railroad, or any part of it, had been opened for use six months, or that appellant failed to keep the fencing or cattle-guards in good repair, or that the stock in question was killed at a point on the railroad which appellant was required to keep fenced. These material facts may have been admitted on the trial of the cause in the circuit court, but it does not so appear in the record.

The attorney's fee is allowable only where the railroad company has failed to comply with the requirements of the statute, and such failure must appear from evidence in the record.

For this reason the judgment of the circuit court is reversed and the cause remanded.